MID-SOUTH INS. OFFICE, INC., *v.* HATCHER *et al.*

(*Knoxville*, September Term, 1944.)

Opinion filed May 5, 1945.

W. P. O'NEIL and HOWARD F. JARVIS, both of Knoxville, for complainant.

FOWLER & FOWLER, of Knoxville, for defendant N. W. Morgan (petitioner here).

PER CURIAM:—The complainant is a corporation chartered to do the business of an insurance broker and is located at Memphis. We gather that it operates over considerable territory. Knoxville appears to be within its territory and defendant Issie Morgan Hatcher was its local agent. She accounted to the complainant and not to the insurance companies for whom she wrote policies.

The original bill was filed to recover an alleged indebtedness from Mrs. Hatcher to the complainant, it being charged that she was short in her accounting, that she was insolvent, and a receiver was asked and appointed for her business. Shortly thereafter she filed a petition in bankruptcy and a receiver for her estate was appointed by the federal court.

There was considerable litigation, the details of which we need not now consider, and the final result was a decree against Mrs. Hatcher and a decree against Mrs. Hatcher and the sureties on a bond which she executed on January 23, 1936, covering her business from that period until the date of the original bill herein, December 7, 1936.

The chancellor and the Court of Appeals have found that Mrs. Hatcher's shortage with the complainant during that period was $1,957.96 and rendered a decree for that sum against her and the sureties on the bond. A surety has filed a petition for *certiorari*.

Throughout the case it has been insisted by the defendant that the complainant was not entitled to recover by reason of the provisions of Section 6198 of the Code as follows:

"No corporation or stock company shall act, or be licensed to act, as an agent or representative of any insurance company or association in soliciting, selling, delivering, writing, or in any manner placing or causing to be placed any insurance policy or contract in this state. However, this prohibition shall not apply to incorporated attorneys in fact or other representatives of reciprocal or inter-insurance organizations or exchanges."

The Court of Appeals construed this section of the Code along with sections 3710 and 3712 of the Code. Section 3710 authorizes the incorporation of "any and all lawful business or businesses, pursuits, objects or purposes, of every nature, for profit, other than such as may by existing or future law be specifically forbidden . . .

Section 3712 expressly authorizes the incorporation, along with any other enterprises, of "insurance brokers."

The Court of Appeals reasoned that the legislature would not authorize a concern to be incorporated for purposes forbidden to such a corporation and undertaking to reconcile the two sections concluded that section 6198 "merely prohibits corporations engaged in this business from contacting the public through persons not duly licensed as individuals," adding that such had been the general interpretation in this State for many years.

The attention of the Court of Appeals was called to Chapter 157 of the Pub. Acts of 1935, which complainant argued effected a repeal by implication of Code, Sec. 6198. The reply to this was that the Act of 1935

432

was unconstitutional, its body, according to counsel, going beyond the scope of its caption.

Mindful of the limitation of its jurisdiction, the Court of Appeals did not consider the Act of 1935, since its validity was thus assailed. Being free from such jurisdictional restriction, we proceed to consider the Act of 1935 and we think it relieves us of the difficulty of construction encountered by the Court of Appeals.

Chapter 157 of the Public Acts of 1935 is entitled:

"An Act providing for the licensing of agents of fire and indemnity insurance companies (including casualty agents other than life, health and accident) and providing for the revocation of their licenses."

Section 1(a) of that Act is as follows:

"An insurance agent is hereby defined to be an individual who, and/or partnership or corporation which, maintains an office within Tennessee and keeps therein at all times a complete permanent record of all applications for, and policies of, insurance placed by or through him or it and who does not sign any policies in blank to be issued outside of his or its office and who is a *bona fide* resident of Tennessee, duly authorized in writing by any insurer lawfully qualified to transact the business of insurance in Tennessee; to solicit, negotiate or effect contracts of insurance. If a co-partnership or corporation is an insurance agent, as above defined, the members of such co-partnership and all officers and stockholders of such corporation who solicit, negotiate or effect contracts of insurance shall be required to qualify as agents under this Act in lieu of the co-partnership or corporation. Any person authorized by any of the above mentioned agents, corporations, co-partnerships or individuals to solicit insurance shall also be required to qualify as agent under this Act."

■ The contention that this section providing that a corporation may be an agent of fire and indemnity insurance companies violates Section 17 of Article 2 of the Constitution does not seem to us to have merit.

Under an Act "providing for the licensing of agents," etc., a provision designating those eligible to be licensed is entirely germane. Indeed nothing could more naturally be included within such a subject.

■ The Act of 1935, in our opinion being a valid enactment, the provision authorizing the licensing of a corporation to act as an agent of fire and indemnity insurance companies, plainly repeals by implication Section 6198 of the Code, if the Code section be construed to have forbidden corporations to act in that capacity.

■ The amount found due by Mrs. Hatcher to the complainant during the period covered by the bond, as heretofore stated, is $1,957.96. The record contains substantial evidence to support this finding of the two lower courts.

Other questions in the case are satisfactorily disposed of in the opinion of the Court of Appeals. The petition for *certiorari* is denied.